IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KEITH LEARIE ALLEN,**

        **Petitioner,**

    v.                                **CIVIL ACTION NO. 1:10cv28**
                                                  **(Judge Keeley)**

**JOEL J. ZIEGLER, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On February 18, 2010, the *pro se* petitioner, Keith Allen, an inmate at FCI Morgantown, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241.[1] The petitioner paid the required filing fee on that same date. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

On or about October 16, 2007, the petitioner was indicted in the Northern District of Ohio, along with two co-defendants, on various drug and firearm charges. On December 6, 2007, pursuant to a written plea agreement, the petitioner pleaded guilty to possession with intent to distribute approximately two kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On February 21, 2008, the petitioner was sentenced to 68 months on the drug charge,

---

[1] The petitioner previously filed a §2241 petition with this court on June 12, 2009, raising the same arguments as herein. (1:09cv78). The undersigned has used exhibits from that petition in this Report and Recommendation.

1

to run consecutively with a 34 month sentence on the weapon charge, for a total of 102 months imprisonment. (See 1:09cv78 Doc. 11-2, pp. 1-2).

The petitioner did not file a direct appeal. However, on February 17, 2009, the petitioner filed a motion to vacate or correct his sentence, which was confined to a challenge of his conviction and sentence under 18 U.S.C. § 924(c). Specifically, the petitioner argued that the facts of his case, as set forth in the plea agreement and at the plea hearing, did not support his conviction under § 924(c). The petitioner based his sufficiency argument on the decision in Bailey v.. United States, 516 U.S. 137 (1995)[2] and argued that the government had failed to demonstrate that he actively used a firearm in connection with drug trafficking. In addition, he alleged that, under Bailey, the fact that the firearm was "allegedly in a place near drugs could not be charged under § 924(c)(1)." Accordingly, the petitioner argued that his conviction was unsupported. (See 1:09cv78, Doc. 11-2, p. 6).

In denying the petitioner's motion to vacate, the sentencing court noted that in response to the Bailey decision, Congress amended § 924(c) which now provides for a mandatory minimum sentence of 5 years for "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person maybe prosecuted in any court of the United States, uses or carries a firearm, or who, in furtherance of such crime, possess a firearm [...]." 18 U.S.C. § 924(c)(1)(A)(I). The court then noted that the plea agreement specifically provided that the petitioner transported two kilograms of cocaine in his vehicle

---

[2]In Bailey, the Supreme Court addressed an earlier version of § 924(c) which prohibited "using or carrying a firearm during and in relation to "drug trafficking." Applying the common dictionary term for the word "use" the Bailey Court held that § 924(c)(1) required "evidence sufficient to show an **active employment** of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Bailey at 143 (emphasis in the original). Accordingly, the Court concluded that the mere presence of a firearm at the scene, or the storage of a firearm near drugs or drug proceeds, did not support a conviction under the statute. Id. at 149.

2

for the purpose of conducting a drug transaction. The petitioner further possessed a loaded .32 caliber semi-automatic pistol in the rear pocket of the passenger's front seat, which, according to the plea agreement was within reach of the petitioner. Finally, as part of the plea agreement, the petitioner conceded that the firearm was "used to facilitate the criminal activity charged in the indictment." (See 1:09cv78, Doc. 11-2, p. 8). Therefore, the petitioner's motion to vacate was dismissed on the grounds that: (1) the facts in the plea agreement properly supported his conviction under § 924(c); and, (2) the petitioner was procedurally barred from attacking his conviction and sentence because he could not show "cause" for the default and actual "prejudice" resulting for the alleged errors, or that he was actually "innocent." (See 1:09cv78, Doc. 11-2, p. 9).

### III. Claims of the Petition

The petitioner asserts that possession of a pistol to protect himself in connection with his drug manufacturing did not constitute "use" under § 924(c). Citing the decision in U.S. V. Triestman, 124 F.3d 361 (2nd Cir. 1997)[3], the petitioner argues that although he has already brought a §2255 motion pertaining to his § 924(c) conviction, serious due process and Eighth Amendment questions might arise if § 2255 were the only means available to him by which to attack his sentence. As relief, the petitioner requests that this court vacate his § 924(c) conviction along with the 34 months running concurrent to his 68 month sentence.

### IV. Analysis

#### A. Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather

---

[3] The petitioner cites this case as 178 F.3d 624 (2nd Cir. 1999). However, that is a subsequent appeal of the resentencing that resulted from the grant of his habeas relief.

3

than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging the imposition of his sentence. In particular, he is alleging again that there was insufficient evidence to sustain his conviction under § 924(c). Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violation of 18 U.S.C. § 924(c) remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Furthermore, to the extent that the petitioner continues to rely on the decision in Triestman,

4

supra, for support of his right to file a § 2241 petition, the same still is misplaced. As the undersigned noted in his Report and Recommendation in the petitioner's previously filed § 2241 petition, in Triestman, the petitioner was sentenced and both his appeal and § 2255 petition were dismissed before the decision in Bailey was issued. Furthermore, when the petitioner in Triestman subsequently moved for permission to file a successive § 2255 petition, his motion was denied because his argument relied neither on newly discovered evidence nor on a new rule of constitutional law, as is required for certification of a successive § 2255 petition. Therefore, the court noted that serious due process and Eighth Amendment questions might arise if § 2255 were the only means available for Triestman to attack his sentence. Accordingly, the court held that Triestman could pursue his Bailey challenge pursuant to a § 2241 petition in these highly unusual circumstances. Triestman at 380.

Again in the instant case, no such unique circumstances exist. The petitioner was sentenced and dismissed on his § 2255 habeas proceeding post-Bailey. Therefore, no change of law exists as it did in Triestman.[4] In truth, the petitioner is simply attempting to litigate again the same issues that were raised and decided in his §2255 motion and his previously filed § 2241.

## VI. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.

---

[4]The petitioner also cites Bousley v. United States, 523 U.S. 614 (1998), as support for his claim that he should be allowed to pursue a claim of actual innocence in this § 2241 petition. However, again, the petitioner in Bousley pleaded guilty and was sentenced prior to the decision in Bailey.

5

Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: February 23, 2010.

   /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE